UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               Case No. 8:24-cr-77-VMC-NHA

LEWIS JAMES SCOTT

_____/

**ORDER**

This matter comes before the Court upon consideration of United States Magistrate Judge Natalie Hirt Adams' Report and Recommendation (Doc. # 48), entered on August 5, 2024, recommending that Defendant Lewis James Scott's Motion to Suppress (Doc. # 20) be granted in part and denied in part. Mr. Scott filed an Objection to the Report and Recommendation (Doc. # 50) on August 19, 2024, to which the United States responded on September 1, 2024. (Doc. # 52).

Upon review, the Court accepts and adopts the Report and Recommendation, overrules the Objection, and grants in part and denies in part the Motion to Suppress.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept,

reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

The Court agrees with the Report and Recommendation's finding that Mr. Scott having a broken tag light was a traffic infraction warranting a stop. (Doc. # 48 at 7-9). This stop justified the seizure of the narcotic-like substances in the officers' plain view. (Id. at 18-21). The plain-view narcotics and Mr. Scott's behavior, in turn, justified the

2

officers' search of the vehicle and subsequent seizure of discovered contraband. (Id.). As explained in the Report and Recommendation's analysis of Mr. Scott's statements prior to receiving Miranda rights, his unprovoked statements and statements made in response to questioning related to safety should not be suppressed either. (Id. at 10-13, 15). However, Mr. Scott's responses to pre-Miranda questions unrelated to safety – namely certain questions regarding the vehicle and its listed renter – should be suppressed. (Id. at 10-12, 14).

The Motion to Suppress is therefore granted as to Mr. Scott's responses to officers' pre-Miranda questioning not related to safety. However, the Motion to Suppress is denied as to the narcotic evidence seized in plain view, the contraband evidence seized during the lawful vehicle search, Mr. Scott's unprompted statements, and Mr. Scott's responses to officers' pre-Miranda questioning permitted under the public-safety exception.

Furthermore, the Court rejects Defendant's argument that a traffic stop was not justified because the vehicle's one working tag light provided sufficient illumination. (Doc. # 50). Defendant's argument was already raised in his Motion to Suppress (Doc. # 20 at 4), and was carefully considered by Judge Adams. True, the law in Florida turns on the visibility

of the tag. See Fla. Stat. § 316.221(2) (requiring that license plates be sufficiently illuminated to render the tag "clearly legible from a distance of 50 feet to the rear."). But the Court — like Judge Adams — credits "Deputy Cote's uncontradicted testimony that the Defendant's tag was not visible from more than 10 feet away, because one of his tag lights was broken." (Doc. # 48 at 9). Therefore, the Court determines that Defendant's tag was not legible from 50 feet away as required by Florida Statutes Section 316.221(2), justifying the traffic stop.

Thus, upon due consideration of the record, including Judge Adams' Report and Recommendation as well as Defendant's Objection thereto, the Court overrules the Objection, adopts the Report and Recommendation, and grants in part and denies in part the Motion to Suppress. The Court agrees with Judge Adams' detailed and well-reasoned findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 48) is **ACCEPTED** and **ADOPTED**.

(2) Defendant Lewis James Scott's Motion to Suppress (Doc. # 20) is **GRANTED** in part and **DENIED** in part as set forth in this Order and the Report and Recommendation.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of October, 2024.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5